AO 91 (Rev. 08/09) Criminal Complaint



FILED
MAR 15 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
для the
Northern District of California

| United States of America | ) |
|---|---|
| v. | ) |
| LEVERTIS WOOLFORK, | ) Case No. 4-13-70295 |
| a/k/a "Larry," | ) |
| a/k/a "L" | ) OAKLAND VENUE |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **Nov. 16, 2012 through Dec. 6, 2012** in the county of **Alameda** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |
| 21 U.S.C. § 841(a)(1) | Distribution of Controlled Substance |

Approved as to form: _____
AUSA Rodney C. Villazor

This criminal complaint is based on these facts:
See attached AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

☑ Continued on the attached sheet.

_____
Complainant's signature

Robert Tucker, ATF Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 3/15/13

_____
Judge's signature

City and state: Oakland, California

Hon. Kandis Westmore
Printed name and title

# AFFIDAVIT OF SPECIAL AGENT ROBERT TUCKER
# IN SUPPORT OF CRIMINAL COMPLAINT

I, Robert Tucker, being duly sworn, state as follows:

**A. Introduction and Agent Background**

1. I make this affidavit in support of a criminal complaint against **LEVERTIS WOOLFOLK, a/k/a "Larry," a/k/a "L" (hereinafter WOOLFOLK)** for violations of the 18 U.S.C. § 922(g)(1) – felon in possession of a firearm, and 21 U.S.C. § 841(a)(1) – distribution of a controlled substance.

2. I am a Senior Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since July 1999. I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Court and the ATF National Academy Training Course. These courses were twenty-three weeks in length and provided training in conducting criminal investigations of federal firearms, explosives and arson laws.

3. I have participated in more than dozens of investigations involving firearms and narcotics and controlled substances. These investigations have resulted in arrests of numerous individuals, the seizure of firearms and controlled substances. I have participated in and/or executed numerous search warrants authorizing the search of locations such as residences, businesses, storage facilities, and vehicles related to firearms and controlled substances. I have participated in hundreds of hours of surveillance operations, observing and recording movements of subjects.

1

4. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation, but only those facts I believe are necessary to establish probable cause to show that **WOOLFOLK** has committed violations of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1).

**B. Statutes and Regulations**

5. Title 21, United States Code, Section 841, states

    a. it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

6. D-methamphetamine hydrochloride is listed as a Schedule II controlled substance. 21 C.F.R. 1308.12(d).

7. Title 18, United States Code, Section 922 (g)(1), provides as follows:

    a. It shall be unlawful for any person (1) Who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition; which has shipped or transported in interstate or foreign commerce.

    b. In pertinent part, a "firearm" is a weapon designed to expel a projectile by means of an explosion.

**C. Facts Supporting Probable Cause**

8. Starting in November 2012 to present, I have engaged in an undercover operation involving the possession and sale of firearms by a convicted felon as well as narcotics trafficking involving **WOOLFOLK** and others. On or about November 13, 2012, I had purchased cocaine base, commonly known as crack cocaine, from **WOOLFOLK**, but **WOOLFOLK** still owed me additional cocaine base from that prior purchase.

2

*a.  Purchase of "Crystal" on November 16, 2012*

9. On or about November 16, 2012, I met with **WOOLFOLK** at a fast food restaurant parking lot in Hayward, California. I had previously arranged to meet **WOOLFOLK** at this location to purchase crystal methamphetamine, commonly known as "crystal," and to receive the additional crack cocaine I had previously purchased on November 13, 2012. I observed **WOOLFOLK** arrive in a maroon Nissan sedan.

10. Shortly after **WOOLFOLK**'s arrival, I entered **WOOLFOLK**'s maroon Nissan sedan. In the sedan, I observed **WOOLFOLK** holding a scale and two (2) small, clear plastic baggies, one containing a white, rock-like substance and the second containing a white, crystal-like substance. **WOOLFOLK** then weighed each clear, plastic baggie and then then handed me both baggies. I then handed **WOOLFOLK** $580.00 for the white, crystal-like substance that I believed to be crystal methamphetamine.

11. Shortly thereafter, I left the fast food restaurant parking lot in my undercover vehicle.

12. Subsequent laboratory tests show that the white, crystal-like substance contained d-methamphetamine hydrochloride, a Schedule II controlled substance and had a net weight of 13.8 grams.

*b.  Purchase of German Mauser .22 Caliber Pistol on December 6, 2012*

13. On or about December 6, 2012, I met with **WOOLFOLK** at a fast food restaurant parking lot in Hayward, California. I had previously arranged to meet **WOOLFOLK** at this

location to purchase a firearm and additional crystal. I observed **WOOLFOLK** arrive in a maroon Nissan sedan.

14. Shortly after **WOOLFOLK**'s arrival, I entered **WOOLFOLK**'s maroon Nissan sedan. In the sedan, I observed **WOOLFOLK** holding a small bag appearing to contain a heavy object. I then opened the small bag, observed a black semi-automatic pistol and took it out to inspect it. **WOOLFOLK** then took the black semi-automatic pistol from me and demonstrated to me how to take out and insert the magazine into the pistol. **WOOLFOLK** then handed the black semi-automatic pistol back to me, and I handed **WOOLFOLK** $400.00 for the black semi-automatic pistol.

15. At around this same time, **WOOLFOLK** handed me a clear, plastic baggie containing a white, crystal-like substance. I then handed him $280.00 for this white, crystal-like substance that I believed to be crystal methamphetamine.

16. Shortly thereafter, I left the fast food restaurant parking lot in my undercover vehicle.

17. Subsequent laboratory tests show that the white, crystal-like substance contained d-methamphetamine hydrochloride, a Schedule II controlled substance and had a net weight of 2.1 grams.

18. The firearm was later identified as a German Mauser .22 caliber pistol with an obliterated serial number and was determined to be manufactured outside the state of California.

c. *Identification of* **WOOLFOLK**

19. On March 14, 2013, I placed **WOOLFOLK** under arrest in Alameda County, California. According to his criminal history, I determined that prior to December 6, 2012, **WOOLFOLK** sustained a felony conviction for possession of a controlled substance for sale, in violation of Cal. Health and Safety Code § 11351.

**D. Conclusion**

20. Based on the aforementioned and my education, training, and experience, I respectfully submit that there is probable cause exists to believe that **WOOLFOLK** is a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and has distributed a Schedule II controlled substance, in violation of 21 U.S.C. 841(a).

_____
Robert Tucker
ATF Special Agent

Subscribe and sworn to before me this
15th day of March, 2013 at Oakland,
California.

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

## OFFENSE CHARGED

See Attachment.

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment.

FILED
MAR 15 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND
MAG

### DEFENDANT - U.S
▶ LEVERTIS WOOLFORK

DISTRICT COURT NUMBER
**4-13-70295**

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Bureau of Alcohol, Tobacco, Firearms and Explosives

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  **MELINDA HAAG**
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  **RODNEY VILLAZOR, AUSA**

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT       Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                           Before Judge:

Comments:

## ATTACHMENT TO PENALTY SHEET FOR LEVERTIS WOOLFORK

**Count One:** 21 U.S.C. § 841(a)(1) - Distribution of Controlled Substance.

    (1) Imprisonment: 20 year maximum
    (2) Fine: $1,000,000
    (3) Supervised Release: 3 year minimum
    (4) Special Assessment: $100.00

**Counts Two:** 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm.

    (1) Imprisonment: 10 year maximum
    (2) Fine: $250,000
    (3) Supervised release: 3 year maximum
    (4) Special assessment: $100.00