1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEVERTIS WOOLFOLK<br>(a/k/a "Larry," a/k/a "L"),<br><br>Defendant. | Case No.: CR-13-00189-YGR (KAW)<br><br>DETENTION ORDER |

## I.  BACKGROUND INFORMATION

Defendant Levertis Woolfolk (a/k/a "Larry," a/k/a "L") is charged in a complaint with violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), and 21 U.S.C. § 841(a)(1) (distribution of a controlled substance).  On March 15, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f).  Pretrial Services prepared a full bail study.  On March 20, 2013, the court conducted a detention hearing.  Defendant was present, in custody, and represented by Assistant Federal Public Defender Jerome Matthews.  Assistant United States Attorney Rodney Villazor appeared on behalf of the Government.  For the reasons stated below, the court orders that Defendant be detained.

## II.  LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release.  If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or

DETENTION ORDER

danger to the community.  Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c).  In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception").  Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f).  At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person.  *Id.*  The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider  (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release.  18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The complaint charges that in November 2012, an undercover agent purchased cocaine and crystal methamphetamine from Defendant on separate occasions.  In addition, on or about December 6, 2012, having previously been convicted of a felony, Defendant sold the same agent

1  a German Mauser .22 caliber pistol, with an obliterated serial number, as well as crystal

2  methamphetamine.  Defendant was arrested on March 14, 2013.

### A.  The Nature and Circumstances of the Offense and Weight of the Evidence

3

4          The offenses charged in this case are felon in possession of a firearm and distribution of a

5  controlled substance, which gives rise to a rebuttable presumption of detention. 18 U.S.C. §§

6  3142(e)(2), (f)(1)(E).  The presumption of detention shifts the burden of *production* to the

7  defendant; the ultimate burden of persuasion remains with the government.  *See United States v.*

8  *Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

9          As to the weight of the evidence, while this is the least important factor, Defendant was

10  arrested because he allegedly sold drugs and a gun to an undercover officer. At the time of his

11  arrest, cocaine, methamphetamine, suspected Vicodin pills, and an air pistol were recovered from

12  Defendant's vehicle.  This factor weighs in favor of detention.

### B.  The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

13
14

15          Defendant is 48 years old and has resided in Menlo Park, California for six months.  He

16  completed his GED and has been unemployed since 2010.  Defendant indicated that he has been

17  taking Norco for periodic back pain.  Ms. Chaplin, Defendant's girlfriend of ten years, advised

18  that he has used marijuana a few times per week for the past ten years.

19          Defendant's criminal record dates back to 1989, when he was convicted of being under the

20  influence of a controlled substance and transporting/selling a controlled substance (a felony).

21  Since then, Defendant has sustained seven additional felony convictions for possession of a

22  controlled substance for sale, the most recent being in 2011, as well as one conviction for

23  possession of a controlled substance.  In addition, other drug sales-related arrests occurred while

24  Defendant was on supervised release, and, while not resulting in new convictions, they resulted in

25  additional time in custody to finish his term.  Indeed, all eight felony convictions are followed by

26  parole violations by Defendant, year after year.

27          Defendant is currently on court probation stemming from a 2010 misdemeanor conviction

28  for driving under the influence, which is set to expire on January 3, 2014.

United States District Court
Northern District of California

1    Defendant proposed his "friend" Nutosha Stewart and his girlfriend Monee Chaplin as

2    sureties.  Ms. Stewart, who currently cohabitates with, and claims to be engaged to Defendant, is

3    willing to sign an unsecured bond.  She says that she has been in a relationship with Defendant for

4    one year. She is a U.S. citizen and does not have a prior criminal history.  Defendant said that he

5    is in a relationship with his girlfriend Monee Chaplin.  Ms. Chaplin told Pretrial Services,

6    however, that she and Defendant have been in an "off and on" relationship for 10 years, and she

7    assumes that they are still "on." She is financially unable to assist Defendant with bail.

8    Defendant was on probation at the time of the current offense, and has a long history of

9    violating the terms of his supervised release.  While Ms. Stewart appears to be a viable surety

10   financially, given her seemingly mistaken belief that she is engaged to Defendant while

11   Defendant is in a relationship with Ms. Chaplin, it is unlikely that Ms. Stewart's signing a bond

12   would provide sufficient moral suasion for Defendant to abide by the terms of release.

13   All of this suggests that he is not amenable to community supervision, and that there are

14   no conditions to ensure that he would comply with any conditions of release in this case.

15   **C. Risk of Nonappearance**

16   Factors that indicate Defendant poses a risk of nonappearance include his familial ties

17   outside of the Northern District of California, his unemployment status, and his apparent drug and

18   alcohol use/abuse.  He has lived in the San Francisco Bay Area since the age of 18.  The Court

19   notes that Defendant has used three aliases, only one which appears to be a variation of his name.

20   He has no passport or history of international travel.  If he had a viable surety, conditions could

21   possibly be imposed to address the risk of flight.

22   **III.  CONCLUSION**

23   In light of Defendant's criminal history, the nature of the instant offense, and the weight of

24   the evidence, the Court finds that Defendant presents a danger to the community, and that there

25   are no conditions or combination of release conditions that will reasonably assure the safety of

26   any other person or the community.

27   For the reasons set forth above, Defendant shall remain committed to the custody of the

28   Attorney General for confinement in a corrections facility separate, to the extent practicable, from

United States District Court
Northern District of California

DETENTION ORDER
CR-13-00189-YGR (KAW)                    4

persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall

be afforded reasonable opportunity for private consultation with counsel.  On order of a court of

the United States or on request of an attorney for the Government, the person in charge of the

corrections facility in which Defendant is confined shall deliver Defendant to a United States

marshal for the purpose of an appearance in connection with a court proceeding.

      IT IS SO ORDERED.

DATED: March 22, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR-13-00189-YGR (KAW)