UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br>     Plaintiff, <br>   v. <br> **LEVERTIS WOOLFOLK**, <br>     Defendant. | Case No.: CR 13-189 YGR <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE** <br><br> Re: Dkt. No. 31 |

On June 27, 2016, movant Levertis Woolfolk filed *pro se* a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 31.) The U.S. Probation Office submitted a report in connection with defendant's motion. (Dkt. No. 32 ("Probation Report").) Having considered all of the papers filed, the record in this case, and for good cause shown, the Court **DENIES** the motion.

## I. BACKGROUND

On February 6, 2014, Levertis Woolfolk was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. section 922(g)(1) and sentenced to 120 months in prison. (Dkt. No. 28.) Woolfolk pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement.

## II. DISCUSSION

Woolfolk's motion to reduce sentence is premised upon (1) Amendment 782 to Section §1B1.10(d) of the U.S. Sentencing Guidelines, which reduced the offense level for certain drug trafficking offenses, and (2) the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court addresses each basis in turn.

### A. Amendment 782

Woolfolk first argues that he is entitled to receive a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows for modification of a term of imprisonment where "a defendant . . . has

been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." U.S.S.G. § 1B1.10(a)(1) provides that a defendant's sentence may be reduced where the "guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual." U.S.S.G. § 1B1.10(a)(1). Woolfolk relies on Amendment 782 to section 1B1.10(d), but that amendment only revised the Drug Quantity Table sentencing guidelines across drug and chemical types.  It does not affect Woolfolk's sentencing calculation for his conviction of being a felon in possession of a firearm.[1] *See* Probation Report at 2.  Therefore, reduction of Woolfolk's sentence on this basis is improper.

### B.  *Johnson v. United States*

Next, Woolfolk argues that the imposition of his sentence was unconstitutional pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In *Johnson*, the Supreme Court addressed a challenge to the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. section 924(e), which provides that a defendant with three prior "violent felony" convictions faces a fifteen-year mandatory-minimum sentence if convicted of violating 18 U.S.C. section 922(g). 18 U.S.C. § 924(e).  The ACCA residual clause definition of "violent felony," which encompasses any crime that "involves conduct that presents a serious potential risk of physical injury to another," is identical to the residual clause of the Guidelines' definition "crime of violence."  The Ninth Circuit makes "no distinction between the terms 'violent felony' as defined in the ACCA and 'crime of violence' as defined in section 4B1.2(a)(2) of the Sentencing Guidelines for purposes of interpreting the residual clauses." *United States v. Spencer*, 724 F.3d

---

[1] The parties agreed to the following sentencing guidelines calculations: base offense level 24 pursuant to USSG § 2K2.1(a)(2) for sustaining two prior felony convictions for controlled substance offenses; a 4-level increase under USSG § 2K2.1(b)(4)(B) for obliterated serial number; and a 4-level increase under USSG § 2K2.1(b)(6)(B) for possession of a firearm in connection with possession of a controlled substance; and a 3-level reduction for Acceptance of Responsibility, for a total offense level of 29.  (*Id.* at ¶ 3.)  The defendant has a criminal history category of VI.  A Guideline range with those levels is 151-188 months.  However, the statutory maximum on Count 1 was 120 months.  Thus, the parties jointly recommended a sentence of 120 months imprisonment (*id.*), which the Court adopted in its sentencing of defendant on February 11, 2014.  (Dkt. No. 28.) None of the above Guideline calculations were affected by Amendment 782, upon which Woolfolk bases his motion.

1133, 1138 (9th Cir. 2013) (quoting *United States v. Crews*, 621 F.3d 849, 852 n.4 (9th Cir. 2010)) (internal alteration marks omitted).  The *Johnson* Court held that the residual clause is so vague that it "both denies fair notice to defendants and invites arbitrary enforcement by judges."  135 S. Ct. at 2557.  Accordingly, the *Johnson* Court held that an increase to a defendant's sentence under the clause "denies due process of law."  *Id.*

Here, however, *Johnson* is inapplicable because Woolfolk's sentence was not enhanced based on any conviction for a "crime of violence."[2]  Rather, his base offense level was calculated under U.S.S.G. section 2K2.1(a)(2) on the basis of two prior felony convictions for controlled substance offenses.  Woolfolk sustained two felony convictions on August 25, 2004, for Transport/Sell Narcotics/Controlled Substance in San Mateo County, California Superior Court, Docket No. SC056938A; and on March 25, 2011, for Distribution of a Controlled Substance in Alameda County Superior Court, Docket No. H50445.  Thus, the decision in *Johnson* does not apply here and reduction of Woolfolk's sentence on this basis is also improper.

### III. CONCLUSION

In conclusion, for the foregoing reasons, the Court **DENIES** movant's motion to reduce sentence.  The clerk shall mail Mr. Woolfolk a copy of the Probation Report (Dkt. No. 32).

This terminates Docket Number 31.

**IT IS SO ORDERED**.

Date: October 14, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Indeed, the government's sentencing memorandum notes that defendant "has never been convicted of any prior crimes of violence" and "is not an armed career criminal."  (Dkt. No. 24 at 2.)

3