# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff**,**<br>vs.<br>**LEVERTIS WOOLFOLK,**<br>Defendant**.** | CASE NO. 13-cr-00189-YGR-1<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 41 |

On January 9, 2017, defendant Levertis Woolfolk filed *pro se* a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. section 2255, raising two arguments, namely: first, his sentence should be reduced based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and second, his counsel provided constitutionally ineffective assistance. The Court denied his motion for the following reasons: With regard to his claim under *Johnson*, the Court found that *Johnson* was inapplicable because his sentence was not enhanced based on any conviction for a "crime of violence." With regard to his ineffective assistance of counsel claims, the Court found that the same were barred by the one-year statute of limitations set forth in 28 U.S.C. section 2255(f)(1)–(4). Accordingly, the Court could not reach the merits of defendant's claim. (Dkt. No. 40.)

Defendant now brings a motion for reconsideration, arguing that the Court's denial of his *Johnson* claims were incorrect. He claims he "does not allege a *Johnson* claim or that his prior convictions were crimes of violence." (Dkt. No. 41.) Rather, defendant repeats his claim of ineffective assistance of counsel for errors in the calculation of his criminal history category. Notably, defendant does not address the Court's denial of his motion on statute of limitations grounds.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263

(9th Cir.1993). Local Rule 7-9(b) requires that a party seeking leave to file a motion for reconsideration show reasonable diligence in making the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Pursuant to Local Rule 7-9(c), "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Setting aside defendant's failure to comply with the Local Rules, his motion fails to raise any cognizable grounds for reconsideration. Defendant's motion ignores his prior filings and the Court's entire order. The Court agrees with defendant that *Johnson* is inapplicable to his claim as his sentence was not enhanced based on any conviction for a crime of violence. However, absent his *Johnson* claim, the Court is still barred by the statute of limitations from addressing defendant's other arguments. Defendant has offered no other reasons why his claims for relief pursuant to section 2255 should be tolled beyond the statutorily set limitations period.

Accordingly, the Court finds no grounds upon which to reconsider its previous order and **DENIES** defendant's motion for reconsideration.

This Order terminates Docket Number 41.

**IT IS SO ORDERED.**

Dated: July 6, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2