United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff**,**<br>vs.<br>**WOOLFOLK,**<br>Defendant**.** | CASE NO. 13-cr-00189-YGR-1<br><br>**ORDER DENYING MOTION TO PRESENT POSITION ON TIMELINESS OF SECTION 2255 MOTION WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 51 |

The Court has received and reviewed defendant Levertis Woolfolk's Motion to Present Position on the Timeliness of 2255 Motion. (Dkt. No. 51 ("Timeliness Motion").) Therein, defendant appears to argue that his motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. section 2255, (Dkt. No. 36 ("Section 2255 Motion")), is timely as a matter of law. Namely, he makes the following argument, which he did not make in his original Section 2255 Motion:

> This court held petitioner was procedurally time-barred under the AEDPA without consideration of the Supreme Court's holding in *Martinez v. Ryan* . . . and *Trevino v. Thaler* . . . , that modified the rule in *Coleman v. Thompson*, . . . which allows a defendant's claim to be heard on the merits, provided petitioner had demonstrated (1) counsel had been constitutionally ineffective for failing to raise the claims and (2) the claims had merit.

(Timeliness Motion at ECF p. 1 (citations and internal quotation marks omitted); *see also* Dkt. No. 55 at ECF p. 3.) In support of this assertion, defendant makes a series of assertions that his trial counsel was ineffective. (Timeliness Motion at ECF p.1.) He then concludes that he has "shown that counsel was not acting as effective counsel and the procedural default should be excused pursuant to the holdings of Martinez v. Ryan, supra; Trevino v. Thaler, supra; and Coleman v. Thompson[,] supra." (*Id*. at ECF p. 2.)

*///*

Defendant's reliance on these cases is unavailing, as they all concern the procedural default doctrine, under which a federal court will not review the merits of claims, including constitutional claims, that a *state court* declined to hear because the prisoner failed to abide by a *state procedural rule*. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). This doctrine is not without exceptions. Under *Coleman v. Thompson*, 501 U.S. 722 (1991), a prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. *Id*. at 750. Generally speaking, in *state proceedings*, where the petitioner has no federal constitutional right to counsel, negligence on the part of counsel will not constitute "cause" to excuse the default. *Id*. at 752–53. In *Martinez*, the United States Supreme Court carved out a narrow exception to the general rule of *Coleman*, concluding as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 566 U.S. at 17. *Trevino v. Thaler*, 569 U.S. 413 (2013) slightly modified *Martinez* to allow a finding of "cause" where it is "highly unlikely" that a defendant will have a meaningful opportunity to raise an ineffective-assistance-of-trial-counsel claim on direct appeal. *Id*. at 429.

Here, defendant was not convicted in *state court*, nor did he suffer ineffective assistance of counsel in a *state collateral proceeding*. Rather, he pleaded guilty and was convicted by *this* federal Court and claims to have experienced ineffective assistance of his federal trial counsel. The procedural default rule does not apply in such circumstances.[1]

---

[1] In any event, the procedural default doctrine is distinct from the federal statute of limitations question at issue here, and it does not suggest that ineffective assistance of counsel at an initial collateral review proceeding affords a basis for equitable tolling of the federal habeas statute of limitations. *See, e.g., White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (holding that the adequacy analysis used to decide procedural default issues was inapplicable to the determination of whether a federal habeas petition is time-barred under AEDPA's statute of limitations); *see also McKinnie v. Long*, No. EDCV 12-2102-VBF (RNB), 2013 WL 1890618, at *8 (C.D. Cal. Apr. 5, 2013) ("*Martinez* dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether petitioner's claims are time barred under the AEDPA statute of limitations."); *Felix v. Cate*, No. CV 11-7713-JHN (RNB), 2012 WL 2874398, at *10 (C.D. Cal. May 8, 2012) (rejecting assertion that *Martinez* affords a basis for equitable tolling of AEDPA's statute of limitations), *report and recommendation adopted*, No. CV 11-7713-MWF (RNB), 2012 WL 2873891 (C.D. Cal. July 13, 2012).

Defendant must instead present "facts to support equitable tolling[,]" which he has failed to do. (Dkt. No. 49 at 2.) For context, the Antiterrorism and Effective Death Penalty Act ("AEDPA") places a one-year limitations period on the filing of federal petitions for writs of habeas corpus by state prisoners seeking relief under 28 U.S.C. § 2254 and federal prisoners seeking relief under 28 U.S.C. § 2255. Relevant here, a motion to vacate, set aside, or correct a federal sentence under 28 U.S.C. section 2255 must be filed within *one year* of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented the petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the existence of due diligence. 28 U.S.C. § 2255(f). In appropriate circumstances, AEDPA's one-year statute of limitations may be subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotation marks omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 631 U.S. at 653.

Defendant bears the burden of showing that "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034–35 (9th Cir. 2005). Further, such petitioner must show that "his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Ariz. Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

1  The Court understands that defendant seeks relief under section 2255 based on a claim of ineffective assistance of counsel.  (*See* Timeliness Motion at ECF p. 1 ("Petitioner in his original [Section 2255 Motion] showed that Counsel was not acting as effective counsel guaranteed under the Sixth [A]mendment . . . .").)  Accordingly, he should address *whether there are grounds for equitable tolling* to excuse his delay of almost two years in filing his Section 2255 Motion, including the *causal connection* between the purported ineffective assistance and the delay, rather than rely on the inapplicable doctrine of procedural default.

In light of the foregoing, defendant's Timeliness Motion is **DENIED**.  However, given defendant's *pro se* status and his misplaced reliance on inapplicable Supreme Court authority, and in order to effectuate the Ninth Circuit's mandate, (*see* Dkt. No. 47), such denial shall be **WITHOUT PREJUDICE**.  The Court will afford defendant one more opportunity to present his position on the timeliness of his Section 2255 Motion.  By no later than **Friday, April 19, 2019**, defendant may file a renewed motion, not to exceed **five (5) pages**.  Any response thereto may not exceed **five (5) pages** and shall be filed within **fourteen (14) days** of the filing of defendant's renewed motion.  Briefing on defendant's renewed motion will be deemed completed as of the date of the filing of the government's response.

Failure by defendant to file a timely renewed motion may result in the denial of his Section 2255 Motion as untimely.

This Order terminates Docket Number 51.

**IT IS SO ORDERED.**

Dated: March 5, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**