United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES AMERICA,**<br>Plaintiff,<br>vs.<br>**LEVERTIS WOOLFOLK,**<br>Defendant. | CASE NO. 13-cr-00189-YGR-1<br><br>**ORDER DENYING SECTION 2255 MOTION WITH PREJUDICE**<br><br>Re: Dkt. No. 58 |

Now before the Court is defendant Levertis Woolfolk's renewed motion to present his position on the timeliness of his motion for habeas relief under 28 U.S.C. section 2255. (Dkt. No. 58 ("Motion").)

Having considered the motion, pleadings, and papers submitted, and for the reasons set forth below, the Court hereby **DENIES** with prejudice the section 2255 claim as untimely.

## I.   BACKGROUND

The Court entered judgment in this action against defendant on February 11, 2014. (Dkt. No. 28.) No appeals were filed. Almost three years later, on January 9, 2017, defendant filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. section 2255. (Dkt. No. 36.) On May 15, 2017, the Court denied defendant's section 2255 motion, in part because defendant "ha[d] not demonstrated that his ineffective assistance of counsel claims would fall under any of the alternative time calculations provided by section 2255(f)," and thus, "the statute of limitations for defendant's ineffective assistance of counsel claims for relief expired on February 11, 2015." (Dkt. No. 40 at 2.) On March 16, 2018, the Ninth Circuit vacated the Court's order and remanded for the Court "to allow [defendant] an opportunity to present his position on the timeliness of his motion." (Dkt. No. 47 at 2.)

On May 16, 2018, defendant filed a motion to present his position on the timeliness of the section 2255 motion. (Dkt. No. 51.) In an opinion issued March 5, 2019, this Court denied the

1  motion without prejudice, finding that defendant relied on inapplicable Supreme Court authority

2  regarding the procedural default doctrine. (Dkt. No. 57 at 2.) The Court stated that, given

3  defendant's *pro se* status and in order to effectuate the Ninth Circuit's mandate, it would afford

4  defendant one more opportunity to present his position on the timeliness of his section 2255

5  motion. (*Id*. at 4.) The Court further instructed defendant that any renewed motion "should

6  address *whether there are grounds for equitable tolling* to excuse his delay of almost two years in

7  filing his Section 2255 Motion, including the *causal connection* between the purported ineffective

8  assistance and the delay[.]" (*Id*., emphasis in original.) On April 19, 2019, defendant filed his

9  renewed motion.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") places a one-year limitations period on the filing of federal petitions for writs of habeas corpus by federal prisoners seeking relief under 28 U.S.C. section 2255. Under section 2255(f), a motion to vacate, set aside, or correct a federal sentence must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented the petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the existence of due diligence. 28 U.S.C. § 2255(f).

A section 2255 movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). To satisfy the diligence requirement, the movant must allege what he did to pursue his claims. *Roy v. Lampert,* 465 F.3d 964, 970-73 (9th Cir. 2006). Further, the movant bears the burden of showing that "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks omitted). The Ninth Circuit has concluded that "the threshold necessary to trigger equitable

1 tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

**III. DISCUSSION**

In his renewed motion, defendant asserts that his trial counsel was ineffective for failing to pursue direct appeal despite knowing that defendant was unhappy with the indictment and sentence. (Motion at 1.) Defendant contends that his "ineffective assistance of appellate counsel claim constitutes cause sufficient to excuse a procedural default." (*Id*. at 3; *see also* Dkt. No. 60 ("Reply") at 4.) Further, defendant argues that this "cause [and] prejudice test" "applies where []interference by officials may have prevented the claim from being brought earlier." (Motion at 3.)

Defendant's reliance on the "procedural default rule" is unavailing. As this Court explained in its previous order, the procedural default doctrine governs a federal court's review of claims, including constitutional claims, that a *state* court has declined to hear due a defendant's failure to abide by *state* procedural rules. (Dkt. No. 57 at 2, citing *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).) The procedural default doctrine does not apply here, where defendant was convicted in *federal* court, claims to have experienced ineffective assistance of his *federal* trial counsel, and has exceeded the one-year limitations period set by *federal* law.[1]

Again, as the Court stated in its previous order, defendant was required to present facts to support equitable tolling—not an exception to the procedural default doctrine—before the Court would consider the merits of his section 2255 claim. (Dkt. No. 57 at 3.) Defendant's renewed motion does not, however, demonstrate defendant's diligent pursuit of his rights *or* extraordinary circumstances. *See Holland*, 560 U.S. at 649.

Defendant avers that he "has shown that he wanted to challenge his sentence by requesting an evidentiary hearing to prove that counsel failed to consult him about the advantages and disadvantages of filing a direct appeal." (Reply at 2.) Defendant does not, however, demonstrate

---

[1] For this reason, *Murray v. Carrier*, 477 U.S. 478 (1986) and *U.S. v. Ratigan*, 351 F.3d 957 (9th Cir. 2003), which defendant cites in support of his motion and which concern the procedural default doctrine, are inapposite. (Motion at 3.)

3

that he wanted to challenge his sentence on *any* grounds until more than two years after judgment was entered, when he filed a motion for a reduced sentence. (Dkt. No. 31.) Defendant did not challenge the ruling on habeas grounds until nearly three years after judgment was entered. Critically, defendant's motion does not provide any facts to explain how defendant diligently pursued his section 2255 claim during this interim this period. *Cf. Holland*, 560 U.S. at 649 (district court erroneously concluded habeas petitioner was not diligent where petitioner "wrote his attorney numerous letters seeking crucial information and providing direction [and] repeatedly contacted the state courts, their clerks, and the [state bar association]"); *Spitsyn,* 345 F.3d at 800-02 (equitable tolling was warranted where counsel ignored communications from client and client's mother and failed to file client's habeas petition); *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999) (holding that petitioner exercised diligence where he submitted habeas petition seventeen days after he was made aware of deadline, and any delay was caused by prison officials).

Further, even assuming defendant diligently pursued his claim, defendant has not alleged a failure by his counsel, or any other "external force," that amounts to an "extraordinary circumstance." At most, defendant alleges that his trial counsel failed to properly advise him regarding direct appeal. However, counsel's failure to advise regarding direct appeal is different from a failure to advise regarding a habeas petition. In other words, despite this Court's instructions in its previous order, defendant has not demonstrated the necessary causal link between his trial counsel's ineffective assistance and the untimeliness of the section 2255 petition. *See United States v. Buckles*, 647 F.3d 883, 890 (9th Cir. 2011) ("The question before us is not whether the untimeliness of Buckles' certiorari petition should be excused. Rather, the question is whether the untimeliness of his § 2255 motion should be excused."); *Randle v. Crawford,* 604 F.3d 1047, 1054-55 (9th Cir. 2010) (counsel's failure to file timely appeal from a state conviction "had little to no bearing on [defendant's] ability to file a timely federal habeas petition. Counsel's failure . . . simply meant that [defendant] had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action—it did not prevent him from filing the petition."). In addition, "garden variety" negligence by an attorney is not an

4

"extraordinary circumstance" sufficient to support equitable tolling, and defendant has not alleged any "more serious instance of attorney misconduct" that would support such a finding. *Holland*, 560 U.S. at 652; *see also Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Miranda v. Castro,* 292 F.3d 1063, 1066, 1068 (9th Cir. 2002) (where attorney gave defendant erroneous information regarding habeas deadline, and accordingly, defendant filed his habeas petition after limitations period had run, attorney's negligence did not constitute "extraordinary circumstance").

Finally, defendant asks the Court to "grant an evidentiary hearing to see if [trial counsel] provided ineffective assistance of appellate counsel for failing to file a direct appeal." (Motion at 2.) As explained, defendant cannot pursue his section 2255 claim based on counsel's failure to advise regarding direct appeal unless and until he demonstrates that equitable tolling is appropriate, which he has not done. Further, insofar as defendant seeks an evidentiary hearing regarding equitable tolling, the Ninth Circuit has held that a section 2255 movant is entitled to such a hearing only if he makes "a good-faith allegation that would, if true, entitle him to equitable tolling." *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). An evidentiary hearing is not necessary here because defendant has not alleged any facts that would entitle him to equitable tolling.

## IV. CONCLUSION

For the foregoing reasons, the motion for relief under 28 U.S.C. section 2255 is **DENIED** with prejudice as untimely. The Clerk is directed to close the case file.

This Order terminates Docket Number 58.

**IT IS SO ORDERED.**

Dated: July 22, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**